UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

ERIC HU, NY DRILLING, INC., AND

888 CONSULTING CORP.,

,

                                                 Plaintiffs,

                 -against-

THE CITY OF NEW YORK, RICK D. CHANDLER,
DENNIS BURKART, JOSE L. ESPAILLAT,
MUHAMMAD IMRAN, MICHAEL CAMERA,
RAFAEL COLLIS, SALVATOR CONCIALDI,
SALVATORE CONCIALDI, ROBERT TURNER,
CESAR ROMERO, D. ERIC HOYT, AND JOHN AND
JANE DOES NOS. 1-10,

                                              Defendants.
---------------------------------------------------------------------- x

**NOTICE OF
APPLICATION FOR
COSTS SOUGHT
<u>AGAINST PLAINTIFF</u>**

17 CV 2348 (ARR)(JRC)

**PLEASE TAKE NOTICE** that, upon defendants' bill of costs, the Declaration of Eric Eichenholtz, dated June

13th, 2023 and the exhibits annexed thereto, and all other pleadings and proceedings had herein, defendants will

move this Court before the Judgment Clerk, at the United States Courthouse for the Eastern District of New

York, located at 225 Cadman Plaza East Brooklyn, New York at 10 a.m. on July 3rd, 2023 or as soon thereafter

as counsel may be heard, for an order pursuant to Rule 54 of the Federal Rules of Civil Procedure, Local Civil

Rule 54.1 and 28 U.S.C. §§1921 and 1920 granting fees and costs sought by defendants and granting

such other and further relief as this Court deems just and proper.

Date: New York, New York
     June 13th, 2023

                         **Hon. Sylvia O. Hinds-Radix**
                         Corporation Counsel of the City of New York
                         Attorney for the Defendants
                         100 Church Street, Room 5-100
                         New York, New York 10007
                         212-356-2200

                         By: _____

                         Eric Eichenholtz
                         Assistant Corporation Counsel
                         eeichenh@law.nyc.gov

To.   **Aaron Schweitzer**
       Troy Law, PLLC
       Attorney for Plaintiff
       41-25 Kissena Boulevard Ste 103
       Flushing, NY 11355
       troylaw@troypllc.com

       **Tiffany Troy**
       Troy Law, PLLC
       Attorney for Plaintiff
       41-25 Kissena Blvd., Suite 103
       Flushing, NY 11355
       troylegalpllc@gmail.com

       **John Troy**
       Troy Law, PLLC
       41-25 Kissena Blvd., Suite 103
       Flushing, NY 11355
       Johntroy@troypllc.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ERIC HU, NY DRILLING, INC., AND

888 CONSULTING CORP.,

                                                    Plaintiffs,

                        -against-

THE CITY OF NEW YORK, RICK D. CHANDLER,
DENNIS BURKART, JOSE L. ESPAILLAT,
MUHAMMAD IMRAN, MICHAEL CAMERA, RAFAEL
COLLIS, SALVATOR CONCIALDI, SALVATORE
CONCIALDI, ROBERT TURNER, CESAR ROMERO, D.
ERIC HOYT, AND JOHN AND JANE DOES NOS. 1-10,

                                                    Defendants.

------------------------------------------------------------------------ x

**DECLARATION OF
ERIC EICHENHOLTZ,
IN SUPPORT OF
DEFENDANTS'
APPLICATION FOR
COSTS AGAINST
PLAINTIFF**

17 CV 2348 (ARR)(JRC)

**Eric Eichenholtz**, declares pursuant to 28 U.S.C. §1746 and under penalty of perjury that:

1.      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, counsel for the defendants in this action. As such, I am familiar with the facts and circumstances set forth herein.

2.      I submit this Declaration in support of defendants' bill of costs and defendants' application for an award of costs against plaintiff's Eric HU, NY Drilling, INC., and 888 Consulting Corp. ("plaintiffs") in this action.

3.      Plaintiff commenced this action by filing a complaint on or about April 19th, 2017 alleging that defendants wrongfully violated plaintiffs' rights pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fifth and Fourteenth Amendments of the U.S. Constitution.

4.      On October 23rd, 2017, an amended complaint was filed in the Eastern District of New York located at 225 Cadman Plaza East Brooklyn, New York, before the Honorable Lois Bloom.

5.      On December 12th, 2017, defendant's filed a Motion to Dismiss for Failure to State a Claim.

6.      On March 9th, 2018, this court granted defendants' Motion to Dismiss for Failure to State a Claim.

7.      On March 12th, 2018, a judgment was entered, granting defendants' Motion to Dismiss, granted in its entirety. The Plaintiffs' equal protection, § 1981, due process, and *Monell* claims are dismissed with prejudice. The Plaintiff's state-law claims are dismissed without prejudice.

8.      On March 16th, 2018, a Notice of Appeal was filed by Plaintiffs' Eric Hu, NY Drilling, Inc. and 888 Consulting Corp.

9.      On June 13th, 2019, U.S. Court of Appeals, 2nd Circuit, it is Ordered that the judgment of the District Court is Affirmed in part, Vacated in part, and Remanded for further proceedings consistent with the USCA's opinion.

10.     On July 8th, 2019, Mandate of U.S. Court of Appeals, 2nd Circuit, it is Ordered that judgment of the District Court is Affirmed in part, Vacated in part and Remanded for further proceedings consistent with the opinion.

11.     On March 11th, 2021, defendants' filed Letter to Plaintiffs' Counsel enclosing papers in Support of Motion for Summary Judgment.

12.     On April 19th, 2021, defendants' filed  Notice of Motion for Summary Judgment dated March 11th, 2021.

13.     On January 20th, 2022, this court granted defendant's Summary Judgment in its entirety.

14.      On January 21st, 2022 Judgment was entered, granting defendants' Motion for Summary Judgment in its entirety, dismissing the plaintiffs' *LeClair* equal protection and § 1981 claims; and dismissing the plaintiffs' state-law claim is dismissed without prejudice.  A copy of the judgment is annexed hereto as Exhibit "A."

15.     On January 29th, 2022 a Notice of Appeal was filed by Plaintiffs' Eric Hu, NY Drilling, Inc. and 888 Consulting Corp.

16.     On June 12th, 2023, Mandate of U.S. Court of Appeals, 2nd Circuit, it is hereby ordered that the judgment of the District Court is Affirmed. A copy of the Mandate of USCA is annexed hereto as Exhibit "B."

17.     Defendants are entitled to costs as the prevailing party pursuant to Rule 54 (d)(1) of  Federal Rules of Civil Procedure (herein after, "Fed. R. Civ. P."), insofar as the Court entered judgment for the defendants on all claims against them.

18.     Defendants now seek an award of costs in the amount of $1,943.40 as the prevailing party in accordance with Rule 54(d)(1) of the Fed. R. Civ. P. and Rule 54.1 of the Local Civil Rules of the Eastern District of New York for the following items.  The costs claimed are correctly stated, are allowable by law, and were necessarily incurred as stated herein.  Attached hereto as Exhibit "C" is defendants' Bill of Costs dated June 12th, 2023.

19.     Defendants' submit a bill for the cost of the deposition transcript of Plaintiff Eric Hu that was necessary for use of preparing the papers supporting defendants' motion for summary judgment, and the cross-examination of the plaintiff.  A true copy of the invoices from the stenographer is annexed hereto as Exhibit "D."  As indicated, the total cost of plaintiff's deposition is $169.00.

20.     Defendants' submit a bill for the cost of the deposition transcript of Plaintiff Eric Hu that was necessary for use of preparing the papers supporting defendants' motion for summary judgment, and the cross-examination of the plaintiff. A true copy of the invoices from the stenographer is annexed hereto as Exhibit "E." As indicated, the total cost of plaintiff's deposition is $478.40.

21.     Defendants' submit a bill for the cost of interpreter for Plaintiff Eric Hu's deposition that was necessary for use of preparing the papers supporting defendants' motion for summary judgment, and the cross-examination of the plaintiff. A true copy of the invoice from the interpreter is annexed hereto as Exhibit "G." As indicated, the total cost of plaintiff's interpretation is $288.00.

22.     Defendants' submit a bill for the cost of interpreter for Plaintiff Eric Hu's deposition that was necessary for use of preparing the papers supporting defendants' motion for summary judgment, and the cross-

examination of the plaintiff. A true copy of the invoice from the interpreter is annexed hereto as Exhibit "H."

As indicated, the total cost of plaintiff's interpretation is $1,008.00.

**WHEREFORE,** it is respectfully requested that the Clerk issue an order granting defendants costs in

the amount of $1,943.40.

Dated:    New York, New York
          June 13th, 2023


          Eric Eichenholtz
          Assistant Corporation Counsel

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ERIC HU, NY DRILLING, INC., AND
888 CONSULTING CORP.,

                                                    JUDGMENT

                        Plaintiffs,                 17-CV-2348 (ARR) (JRC)

        v.

THE CITY OF NEW YORK, RICK D. CHANDLER,
DENNIS BURKART, JOSE L. ESPAILLAT,
MUHAMMAD IMRAN, MICHAEL CAMERA,
RAFAEL COLLIS, SALVATOR CONCIALDI,
SALVATORE CONCIALDI, ROBERT TURNER,
CESAR ROMERO, D. ERIC HOYT, AND JOHN
AND JANE DOES NOS. 1-10,

                        Defendants.
-------------------------------------------------------------X

        An Opinion and Order of Honorable Allyne R. Ross, United States District Judge, having

been filed on January 20, 2022, granting defendants' Motion for Summary Judgment in its

entirety; dismissing the plaintiffs' *LeClair* equal protection and § 1981 claims; and dismissing

the plaintiffs' state-law claim is dismissed without prejudice to re-filing in state court; it is

        ORDERED and ADJUDGED that defendants' Motion for Summary Judgment is granted

in its entirety; that the plaintiffs' *LeClair* equal protection and § 1981 claims are dismissed; that

the plaintiffs' state-law claim is dismissed without prejudice to re-filing in state court; and that

judgment is hereby entered in favor of defendants.

Dated: Brooklyn, New York                         Douglas C. Palmer
        January 21, 2022                          Clerk of Court

                                          By:     */s/Jalitza Poveda*
                                                  Deputy Clerk

# EXHIBIT B

22-183
*Hu v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**MANDATE**

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-three.

PRESENT:

> AMALYA L. KEARSE,
> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---

ERIC HU, NY DRILLING, INC., 888
CONSULTING CORP.,

> *Plaintiffs-Appellants,*

v.                                                                      No. 22-183

CITY OF NEW YORK, DENNIS BURKART, JOSE
L. ESPAILLAT, MICHAEL CAMERA, RAFAEL
COLLIS, SALVATOR CONCIALDI, ROBERT
TURNER, CESAR ROMERO, RICK D.
CHANDLER, MUHAMMAD IMRAN, D. ERIC
HOYT,

> *Defendants-Appellees.**

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**MANDATE ISSUED ON 06/12/2023**

For Plaintiffs-Appellants:        AARON B. SCHWEITZER (John Troy,
                                  Tiffany Troy, *on the brief*), Troy Law,
                                  PLLC, Flushing, NY.

For Defendants-Appellees:         ANTONELLA KARLIN (Richard Dearing,
                                  Jamison Davies, *on the brief*), Assistant
                                  Corporation Counsel, *for* Sylvia O.
                                  Hinds-Radix, Corporation Counsel of
                                  the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern

District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**
**ADJUDGED, AND DECREED** that the judgment of the district court is
**AFFIRMED**.

Eric Hu, NY Drilling, Inc., and 888 Consulting Corp. (collectively,

"Plaintiffs") appeal the district court's grant of summary judgment in favor of the

City of New York, Dennis Burkart – an Assistant Chief Inspector at the New York

City Department of Buildings (the "DOB") – and certain other officials employed

by the DOB (collectively, "Defendants") as to Plaintiffs' claims under 42 U.S.C.

§ 1981 and the Equal Protection Clause for race-based and malice-based selective

enforcement.  Plaintiffs allege that Burkart treated Hu, companies affiliated with

him, and other Asian individuals in the construction industry differently than

2

similarly situated comparators when he imposed fines on Plaintiffs in the course of their drilling and excavation work at construction sites in New York City.

We previously vacated in part the district court's dismissal of Plaintiffs' claims under the Equal Protection Clause and section 1981, determining that Plaintiffs' amended complaint "just barely" alleged facts necessary to plausibly show a reasonably close resemblance between Plaintiffs and one of their proffered comparators, thereby satisfying the standard set forth in *LeClair v. Saunders*, 627 F.2d 606 (2d Cir. 1980). *Hu v. City of New York*, 927 F.3d 81, 91 (2d Cir. 2019). In light of the revived federal claims, we also vacated the district court's order declining to exercise supplemental jurisdiction over Plaintiffs' state-law claim – brought pursuant to N.Y. Gen. Mun. Law § 51 – and remanded the case for further proceedings. *Id.* at 107. After Defendants moved for summary judgment on remand, the district court determined that Plaintiffs failed to identify a sufficiently similar comparator and therefore dismissed Plaintiffs' *LeClair* Equal Protection and section 1981 claims. With no federal claims remaining, the district court again declined to exercise supplemental jurisdiction over Plaintiffs' state-law claim. This appeal followed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

3

We review a district court's grant of summary judgment de novo, *Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021), and will affirm when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a).  We review a district court's decision to decline to exercise supplemental jurisdiction for abuse of discretion.  *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003).

To prove a *LeClair* Equal Protection claim, a plaintiff must establish that "(1) the person, compared with others similarly situated, was selectively treated," and "(2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person."  *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995) (internal quotation marks omitted).  With regard to the first requirement, a plaintiff must show that he is "similarly situated in all material respects" to the plaintiff's proffered comparator.  *Hu*, 927 F.3d at 96 (internal quotation marks omitted).  Although a comparator's circumstances need not be identical to the plaintiff's, the comparator's circumstances must bear a "reasonably close resemblance" to the plaintiff's in order for this standard to be satisfied.  *Id.* (internal

4

quotation marks omitted).

Section 1981 claims similarly require that a plaintiff "allege at least one instance in which he was treated differently from a similarly situated non-minority." *Id.* at 101. We have explained that, for section 1981 claims, the "standard for determining whether a plaintiff and a comparator are similarly situated is identical to the similarity standard for a *LeClair* Equal Protection claim." *Id.*

On appeal, Plaintiffs argue that the district court erred in concluding that Plaintiffs failed to proffer a similarly situated comparator to demonstrate that Plaintiffs were selectively treated at their 34th Street jobsite.[1] Plaintiffs point to two separate incidents at this jobsite in support of their argument: one on March 23, 2016 and one on July 11, 2016. According to Plaintiffs, on March 23, 2016, Burkart visited the 34th Street jobsite and spoke with Wayne Fried – a white man and an owner of New York Drilling, Inc. – regarding the excavation taking place at the site, which involved the use of a catch pond for water used to flush the

---

[1] The district court concluded that Plaintiffs had abandoned their *LeClair* Equal Protection and section 1981 claims as to all but the 34th Street jobsite. The district court further noted that – even assuming arguendo that Plaintiffs had not abandoned these claims – such claims would fail as a matter of law. Because Plaintiffs do not challenge the district court's determination with regard to the other jobsites on appeal, the Court limits its analysis herein to the 34th Street jobsite.

excavation drill.  Burkart did not issue any violations.  Then, on July 11, 2016,
Burkart returned to the site when Fried was not present, took pictures of the site,
and issued violations for unlicensed welding and standing water – even though
by that point Plaintiffs had purportedly drained the catch pond on site.  Plaintiffs
argue that because Burkart only issued violations when Fried was not present,
issues of material fact exist as to whether Burkart engaged in selective treatment
of Plaintiffs at the 34th Street jobsite.

But as Defendants point out and as the district court recognized, Plaintiffs'
aforementioned theory regarding Burkart's selective enforcement at the 34th
Street jobsite was raised for the first time in Plaintiffs' opposition to Defendants'
motion for summary judgment and contradicts certain allegations in Plaintiffs'
amended complaint.  Indeed, contrary to Plaintiffs' arguments on appeal, the
amended complaint clearly identifies an event *following* the July 11, 2016 violation
as the relevant comparator for the 34th Street jobsite.  The amended complaint
does not even mention Burkart's March 23, 2016 visit to the 34th Street jobsite, let
alone identify this incident as a relevant comparator.

Furthermore, the amended complaint plainly asserts that around the time
that Burkart issued the July 11, 2016 violation, the catch pond at the 34th Street

6

jobsite was filled with water, which was at least in part the result of heavy rains.

These allegations directly contradict Plaintiffs' present contention that at the time

of the July 11, 2016 violation, the catch pond had been drained and there was no

longer standing water at the site.  To explain this discrepancy, Plaintiffs asserted

that although they admitted to the standing water violation back in 2016, they did

so under duress to "try and avoid Defendant Burkart imposing a protracted work

stoppage regardless of the truth."  Plaintiffs Br. at 11.

We agree with Defendants that Plaintiffs may not raise a new theory of

selective enforcement for the first time in their opposition to Defendants' motion

for summary judgment.  *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d

Cir. 2013) (declining to reach merits of argument raised for first time in opposition

to summary judgment); *Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006)

(same).  Normally, "[a] party's assertion of fact in a pleading is a judicial admission

by which it . . . is bound throughout the course of the proceeding."  *Bellefonte Re

Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985); *see also Wright v. Ernst

& Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (recognizing that a party may not

amend its complaint through statements made in motion papers).  When a party

fails to explain or reconcile inconsistent and contradictory statements between a

7

party's complaint and opposition to summary judgment, such statements can "transcend credibility concerns and go to the heart of whether the party has raised *genuine* issues of material fact to be decided by a jury." *Rojas v. Roman Cath. Diocese of Rochester*, 660 F.3d 98, 106 (2d Cir. 2011); *see also Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) (noting that "factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial"); *Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 102 (2d Cir. 2020) (explaining that a party may not create a material dispute of fact by contradicting a prior sworn affidavit). That is the case here: because Plaintiffs' recent assertions regarding Burkart's March 23, 2016 visit directly contradict the allegations in their amended complaint, and Plaintiffs have failed to reconcile these discrepancies, we cannot conclude that Plaintiffs have established a genuine issue of material fact as to their treatment at the 34th Street site.

With regard to the alternative comparator set forth in Plaintiffs' amended complaint, we agree with the district court that Plaintiffs have failed to demonstrate that the jobsite Burkart encountered upon his alleged return to the 34th Street site after July 11, 2016 was reasonably similar to the jobsite he encountered at the time that he issued the violation. Plaintiffs offered no specific

details regarding the state of the catch pond on either date to establish that the pond was in a materially similar state on the two dates in question. Moreover, Plaintiffs do not dispute that, even if conditions were similar on the two occasions, the site could not have been penalized again because the second visit occurred during the prescribed window of time in which violators are permitted to cure the condition. 1 RCNY § 102-01(d)(1). As such, we conclude that the district court properly granted summary judgment for Defendants as to Plaintiffs' Equal Protection and section 1981 claims.

Having affirmed the dismissal of Plaintiffs' federal claims, we cannot conclude that the district court abused its discretion in dismissing Plaintiffs' state-law claim. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988). In determining whether to exercise jurisdiction over supplemental state-law claims, district courts are to "balance the values of judicial economy, convenience, fairness, and comity." *Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006). Here, the district court properly considered these factors in evaluating whether to exercise supplemental jurisdiction, concluding that the interest of comity weighed in favor of allowing Plaintiffs' state-law claim to be adjudicated in state court and that it would be "neither unfair nor

inconvenient" for the parties to litigate that claim in a state forum.  Sp. App'x at 23–24.

Plaintiffs argue that the district court erred in declining to exercise supplemental jurisdiction over Plaintiffs' state-law claim because this case has been pending for over five years, the district court is "intimately familiar with the issues in this case," and the district court is familiar with adjudicating N.Y. Gen. Mun. Law § 51 claims.  Plaintiffs Br. at 21–22.  But we see no reason to disturb the district court's conclusion that this is the "usual case" in which all federal-law claims have been dismissed before trial and the balance of factors point towards declining to exercise supplemental jurisdiction.  *See, e.g.*, *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 123–24 (2d Cir. 2006) (determining that the district court should have declined to exercise supplemental jurisdiction when federal-law claims had been dismissed and there was "no extraordinary inconvenience or inequity occasioned by permitting the claims to be refiled in state court"); *Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 102–03 (2d Cir. 1998) (holding that the district court properly exercised its discretion in declining supplemental jurisdiction after dismissing federal-law claims on a motion for summary judgment decided more than three years after complaint was filed); *Kidder, Peabody*

10

*& Co. v. Maxus Energy Corp.*, 925 F.2d 556, 564 (2d Cir. 1991) (determining that the balance of factors weighed in favor of the divestiture of pendant state-law claims even though "the court ha[d] invested considerable time in their resolution").

We have considered Plaintiffs' remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

11

# EXHIBIT C

✎AO 133        (Rev. 8/06)  Bill of Costs

# UNITED STATES DISTRICT COURT

District of _____

**BILL OF COSTS**

_____ V.

Case Number: _____

Judgment having been entered in the above entitled action on _____ against _____ ,
                                                                           Date

the Clerk is requested to tax the following as costs:

Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____

Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  _____

Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case  _____

Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  _____

Fees for witnesses (itemize on page two) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  _____

Fees for exemplification and copies of papers necessarily obtained for use in the case . . . . . . . . . . . . .  _____

Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  _____

Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  _____

Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  _____

Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . .  _____

Other costs (please itemize) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  _____

                                                                                              TOTAL    $_____

SPECIAL NOTE:  Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.  A copy of this bill has been served on all parties in the following manner:

❑        Electronic service by e-mail as set forth below and/or.

❑        Conventional service by first class mail, postage prepaid as set forth below.

        s/ Attorney:    _Eric Eichelter_____

        Name of Attorney:    _____

For: _____        Date: _____
              Name of Claiming Party

Costs are taxed in the amount of _____ and included in the judgment.

_____        By: _____        _____
Clerk of Court                                    Deputy Clerk                            Date

✎AO 133      (Rev. 8/06) Bill of Costs

# UNITED STATES DISTRICT COURT

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME , CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | TOTAL | |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
    "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
    "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
    "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.  Costs may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
    "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
    "Entry of the judgment shall not be delayed for the taxing of costs."

# EXHIBIT D

**Diamond Reporting a Veritext Company - New York Region**
Tel. 718-624-7200 Email: billing-diamond@veritext.com
Fed. Tax ID: 20-3132569

# VERITEXT
## LEGAL SOLUTIONS

**APPROVED**

Bill To: Amanda M. Blair Esq
New York City Law Department
100 Church Street
New York, NY, 10007

| | |
|---|---|
| Invoice #: | 4783559 |
| Invoice Date: | 1/25/2021 |
| Balance Due: | $169.00 |

**Case: HU, ERIC, ET AL. v. City Of New York, Et Al. (17CV2348)**

Job #: 4384068  |  Job Date: 12/22/2020  |  Delivery: Normal

Proceeding Type: Depositions

| Location: | New York, NY | Appearance: | pm |
|---|---|---|---|
| Billing Atty: | Amanda M. Blair Esq | Ctl No: | 20-2330 |
| Scheduling Atty: | Amanda M. Blair Esq | New York City Law Department | Division: | Labor And Employment Law |
| | | Index No: | 17-CV-2348 |

**Witness: Eric Hu**

Law Mngr: 2017-018936

| | Quantity | Price | Amount |
|---|---|---|---|
| Original with 1 Certified Transcript | | | |
| Attendance | 29.00 | $3.60 | $104.40 |
| Veritext Virtual Primary Participants | 1.00 | $25.00 | $25.00 |
| Litigation Package-Secure File Suite | 1.00 | $0.00 | $0.00 |
| Word Index | 1.00 | $0.00 | $0.00 |
| Electronic Delivery and Handling | 11.00 | $3.60 | $39.60 |
| | 1.00 | $0.00 | $0.00 |

Notes:

**VOUCHERED**

DATE: 8/30/21
INV. AMT. PAID: $169.

| | |
|---|---|
| Invoice Total: | $169.00 |
| Payment: | $0.00 |
| Credit: | $0.00 |
| Interest: | $0.00 |
| Balance Due: | $169.00 |

TERMS: Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

INV. #: 21
SVS. PERIOD 2 22 2020 TO 21
AG: 25 / B/C 020 / DET. OBJ. 6220
REF. DOC. CT 1 025 / 2020 1421342

2021 FEB -2 P 4: 39
NYC LAW DEPT FISCAL SECTION RECEIVED

RECEIVED 2021 JAN 28 P 4: 32 FISCAL SECTION NYC LAW DEPT

Please remit payment to:
Veritext
P.O. Box 71303
Chicago IL 60694-1303
Fed. Tax ID: 20-3132569

To pay online, go to www.veritext.com
Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

| | |
|---|---|
| Invoice #: | 4783559 |
| Invoice Date: | 1/25/2021 |
| Balance Due: | $169.00 |

1601

# EXHIBIT E

**Diamond Reporting a Veritext Company - New York Region**

Tel. 718-624-7200 Email: billing-diamond@veritext.com
Fed. Tax ID: 20-3132569

# VERITEXT
## LEGAL SOLUTIONS

*FT21*

*Eric Eichenholtz*

## APPROVED

Bill To:  Amanda M. Blair Esq
New York City Law Department
100 Church Street
New York, NY, 10007

| | |
|---|---|
| **Invoice #:** | 4551637 |
| **Invoice Date:** | 9/24/2020 |
| **Balance Due:** | $478.40 |

| **Case: HU, ERIC, ET AL. v. City Of New York, Et Al.** (17cv2348) | **Proceeding Type: Depositions** |
|---|---|

Job #: 4247667  |  Job Date: 9/8/2020  |  Delivery: Normal

| Location: | New York, NY | Appearance: | AM & PM |
|---|---|---|---|
| Billing Atty: | Amanda M. Blair Esq | Ctl No: | 20-1673 |
| Scheduling Atty: | Amanda M. Blair Esq | New York City Law Department | Division: | Labor And Employment Law |
| | | Index No: | 17cv2348 |
| | | Law Mngr: | 2017-018936 |

| Witness: Eric Hu | Quantity | Price | Amount |
|---|---|---|---|
| Original with 2 Certified Transcripts | 96.00 | $3.60 | $345.60 |
| Attendance | 2.00 | $25.00 | $50.00 |
| Litigation Package-Secure File Suite | 1.00 | $0.00 | $0.00 |
| Word Index | 23.00 | $3.60 | $82.80 |
| Exhibits - Scanned/Searchable/OCR | 1.00 | $0.00 | $0.00 |
| Electronic Delivery and Handling | 1.00 | $0.00 | $0.00 |

Notes:

VOUCHERED
DATE: 5/21/21
PAID $ 478.40

| | |
|---|---|
| **Invoice Total:** | $478.40 |
| **Payment:** | $0.00 |
| **Credit:** | $0.00 |
| **Interest:** | $0.00 |
| **Balance Due:** | $478.40 |

TERMS:  Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services, please consult http://www.veritext.com/services/all-services/services-information .

V# 21-N741
INV.# 21-N741
SVS. PERIOD 9/8/20 TO 9/8/20
AG: 025  B/C 0201  : DET.OBJ. 6220
REF. DOC. CJ1 025 2020/421/592

*FISCAL*
*RECEIVED*
*NYC LAW DEPT.*
*2021 MAR 11 P 4:31*

**THIS INVOICE IS 165 DAYS PAST DUE, PLEASE REMIT - THANK YOU**

Please remit payment to:
Veritext
P.O. Box 71303
Chicago IL 60694-1303
Fed. Tax ID: 20-3132569

To pay online, go to www.veritext.com
Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

34601

| | |
|---|---|
| **Invoice #:** | 4551637 |
| **Invoice Date:** | 9/24/2020 |
| **Balance Due:** | $478.40 |

# EXHIBIT F

*VC00146043 0*

**ARIA SERVICES, INC.**
c/o Elizabeth Barron
102 Sparrow Ridge Road
Carmel, NY 10512
845-260-1377
Fax: 845-306-7085
aria@leinen.net

*JU 20*

I N V O I C E

INVOICE DATE: 4/30/20
TAX ID#: 45-3722321
INV#: 20/1008

TO: BLANCHE MURRAY
NEW YORK CITY LAW DEPARTMENT
100 Church Street
New York, New York 10007

**VOUCHERED**
DATE: ___/___/___
INV. AMT. PAID: $ *218.94*
V# *2021 — 0355*
INV. # *20 — 20/1008*

RE: Audio Transcription

SVS. PERIOD *4/21/20* TO ___/___/___

TERMS:   Upon Receipt

AG. *025* : B/C *0207* DET. OBJ. *6220*

REMARKS: Expedite

REF. DOC. ___ ___ /___ ___ ___ /___ ___

DCN#:

ORDERED BY: Christine Rocco

JUDGE:   Bloom

DATE:   4/21/20

CAPTION: HU V. CITY OF NEW YORK

FILE NO: 17-CV-2348

PAGES:   41

AMOUNT PER PAGE: $5.34

TOTAL AMOUNT OF INVOICE:  $218.94

2020 JUL 28 A 10: 28
RECEIVED
FISCAL SECTION
NYC LAW DEPT

**PLEASE MAKE CHECK PAYABLE TO ARIA SERVICES, INC.**

*5/18/2020*
*Amanda*
*LN# 2017-018936*

# EXHIBIT G





**eiber translations, inc.**

*TRANSLATORS & INTERPRETERS*

66 Powerhouse Road - Suite 403
Roslyn Heights, New York 11577
Tel: (516) 498-1111
Fax: (516) 498-2390
billing@eibertranslations.com
www.eibertranslations.com

# INVOICE

| Bill To: | | |
|---|---|---|
| Corporation Counsel<br>100 Church Street - 4th Floor<br>New York, NY 10007<br>Attn: Accounts Payable | Invoice No.: | 20/97606 |
| | Invoice Date: | 2/26/2021 |
| | Job Date: | 12/22/2020 |

I HEREBY CERTIFY: That this claim specified herein is for articles ... that is correct as to ... amounts, and that it was necessary for ... in City of New York.

**APPROVED**

NYC LAW   By Jonathan Pinn Date: ...

| Item | DESCRIPTION | Amount |
|---|---|---|
| Language - | Taiwanese | 288.00 |
| Held at - | Videoconferencing | |
| Appearances- | New York City Law Department / By: Amanda Blair, Esq. | |
| In the matter entitled - | Hu, Eric v. City of New York   2017-018936 | |
| File No. - | 20-2330 | |
| | **APPROVED**<br>By Uche M. Okoroji at 11:54 am, Mar 29, 2021 | |
| Billing Data - | 2:00 PM to 3:04 PM | |
| | Two (2) Hour Minimum @ $144.00 Per Hour | |
| | Confirmed via deposition | |
| | **Approved amount for payment: $288.00**<br>**Pin# 02520X004511** | |
| | **APPROVED**<br>By dpanayio at 8:49 am, Mar 26, 2021 | |

RECEIVED 2021 MAR -9 P 5:13 FISCAL SECTION NYC LAW DEPT

| Terms:  NET 30 DAYS | **Total** | $288.00 |
|---|---|---|

Please detach and return with payment

Please remit payment to:
Eiber Translations, Inc.
66 Powerhouse Road, Suite 403
Roslyn Heights, NY 11577

| Invoice # | 20/97606 |
|---|---|
| Job Date | 12/22/2020 |
| Invoice Date | 2/26/2021 |

| **Total** | $288.00 |
|---|---|

Tax ID No.: 20-5015354

# EXHIBIT H





**eiber translations, inc.**
*TRANSLATORS & INTERPRETERS*

66 Powerhouse Road - Suite 403
Roslyn Heights, New York 11577
Tel: (516) 498-1111
Fax: (516) 498-2390
billing@eibertranslations.com
www.eibertranslations.com

# INVOICE

| Bill To : | | Invoice No. : | 20/94297 |
|---|---|---|---|
| Corporation Counsel<br>100 Church Street - 4th Floor<br>New York, NY 10007<br>Attn:  Accounts Payable | **APPROVED**<br>By Uche M. Okoroji at 11:48 am, Nov 10, 2020 | Invoice Date : | 10/23/2020 |
| | | Job Date: | 9/8/2020 |

| Item | DESCRIPTION | Amount |
|---|---|---|
| Language - | Taiwanese | 1,008.00 |
| Held at - | Videoconferencing | |
| Requested by | New York City Law Department  / By: Amanda Blair, Esq. | |
| In the matter entitled - | Hu, Eric v. City of New York | **APPROVED** |
| File No. - | 2 0 - 1 6 7 3    2017-018936 | |
| | | By Jonathan Pinn  Date: Nov 10, 2020 |
| Billing Data - | 9:30 AM to 4:30 PM | |
| | Seven (7) Hours @ $144.00 Per Hour | |
| | Confirmed via deposition. | |
| | Approved amount for payment:  $1,008.00<br>Pin#:  02520X004511 | |
| | **APPROVED**<br>By dpanayio at 9:36 am, Nov 10, 2020 | |

RECEIVED
FISCAL SECTION
NYC LAW DEPT
2020 OCT 29 P 4 39

| Terms:  NET 30 DAYS | **Total**    $1,008.00 |
|---|---|

Please detach and return with payment

| Please remit payment to:<br>Eiber Translations, Inc.<br>66 Powerhouse Road, Suite 403<br>Roslyn Heights, NY 11577 | | |
|---|---|---|
| | **Invoice #** | 20/94297 |
| | **Job Date** | 9/8/2020 |
| | **Invoice Date** | 10/23/2020 |
| | **Total** | $1,008.00 |
| | Tax ID No.: 20-5015354 | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ERIC HU, NY DRILLING, INC., AND

888 CONSULTING CORP,

**DECLARATION
OF SERVICE**

                                  Plaintiffs,   17 CV 2348 (ARR)(JRC)

                -against-

THE CITY OF NEW YORK, RICK D. CHANDLER,
DENNIS BURKART, JOSE L. ESPAILLAT,
MUHAMMAD IMRAN, MICHAEL CAMERA,
RAFAEL COLLIS, SALVATOR CONCIALDI,
SALVATORE CONCIALDI, ROBERT TURNER,
CESAR ROMERO, D. ERIC HOYT, AND JOHN AND
JANE DOES NOS. 1-10,

                                  Defendants.
------------------------------------------------------------------- x

Misael Montas, declares, pursuant to 28 U.S.C. § 1746 and subject to the penalties of perjury, that on June 13th, 2023, he served a true and correct copy of the foregoing Notice Of Defendants' Application For Costs Sought Against Plaintiff, the Declaration Of Assistant Corporation Counsel Eric Eichenholtz In Support Of Defendants' Application For Costs Against Plaintiff and annexed exhibits upon the following:

**Aaron Schweitzer**
Troy Law, PLLC
Attorney for Plaintiff
41-25 Kissena Boulevard Ste 103
Flushing, NY 11355
troylaw@troypllc.com

**John Troy**
Troy Law, PLLC
Attorney for Plaintiff
41-25 Kissena Boulevard Ste 103
Flushing, NY 11355
Johntroy@troypllc.com

**Tiffany Troy**
Troy Law, PLLC
Attorney for Plaintiff
41-25 Kissena Blvd., Suite 103
Flushing, NY 11355
troylegalpllc@gmail.com

by causing to be deposited, a copy enclosed in a properly prepaid mail wrapper to the above address in a post office box in the Borough of Manhattan, City of New York, regularly maintained by the Government of the United States in said City.

Dated: New York, New York
          June 13th, 2023

_____
Misael Montas

**17 CV 2348 (ARR)(JRC)**

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| ERIC HU, NY DRILLING, INC., AND<br><br>888 CONSULTING CORP,<br><br>                                   Plaintiffs,<br><br>                  -against-<br><br>THE CITY OF NEW YORK, RICK D.<br>CHANDLER, DENNIS BURKART, JOSE L.<br>ESPAILLAT, MUHAMMAD IMRAN, MICHAEL<br>CAMERA, RAFAEL COLLIS, SALVATOR<br>CONCIALDI, SALVATORE CONCIALDI,<br>ROBERT TURNER, CESAR ROMERO, D. ERIC<br>HOYT, AND JOHN AND JANE DOES NOS. 1-<br>10,<br><br>                                   Defendants. |
| **NOTICE OF APPLICATION FOR COSTS<br>AGAINST PLAINTIFF, BILL OF COSTS,<br>DECLARATION OF ERIC EICHENHOLTZ<br>IN SUPPORT OF DEFENDANTS'<br>APPLICATION FOR COSTS AGAINST<br>PLAINTIFF AND ANNEXED EXHIBITS** |
| ***Hon. Sylvia O. Hinds-Radix***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street; Room 5-100*<br>*New York, N.Y.  10007*<br><br>*Of Counsel:  Eric Eichenholtz*<br>*Tel:  (212) 356-2200*<br>*LM # 2017-018936* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ................................................................................, 2023*<br><br>*.................................................................................................. Esq.*<br><br>*Attorney for ...................................................................................* |